UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                                                      Plaintiff

v.                                                                           Criminal Action No. 4:24-CR-9

BARRY LEE MAIDEN                                                                              Defendant

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Barry Lee Maiden ("Maiden") moves for a *Franks* hearing on his motion to suppress. [DE 29]. The United States Responded, [DE 39], and Maiden replied. [DE 41]. This matter is ripe. Maidens Motion for a *Franks* Hearing [DE 29] is **GRANTED**. The Court holds the rest of the motion in abeyance. **This matter is assigned for a *Franks* hearing on November 8, 2024 at 9:30 a.m. CT** before Judge Rebecca Grady Jennings at the United States Courthouse in Owensboro, Kentucky

### STANDARD

To be entitled to a *Franks* hearing, a defendant must (1) "make a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit," and (2) "the allegedly false statement is necessary to the finding of probable cause." *United States v. Graham*, 275 F.3d 490, 505 (6th Cir. 2001) (citation and internal quotation marks omitted). The Sixth Circuit's "well-settled framework for Franks hearings requires a defendant to 'point to specific false statements' and then 'accompany his allegations with an offer of proof.'" *United States v. Green*, 572 F. App'x 438, 442 (6th Cir. 2014) (quoting *United States v. Cummins*, 912 F.2d 98, 101, 103 (6th Cir. 1990)).

1

For alleged omissions "to be constitutionally problematic, the material must have been deliberately or recklessly omitted and must have undermined the showing of probable cause." *United States v. Carpenter*, 360 F.3d 591, 596–97 (6th Cir. 2004). This does not mean, however, that officers must divulge every piece of exculpatory evidence in the affidavit. *Mays v. City of Dayton*, 134 F.3d 809, 816 (6th Cir. 1998) ("To interweave the Brady due process rationale . . . places an extraordinary burden on law enforcement officers, compelling them to follow up and include in a warrant affidavit every hunch and detail . . . to prove the negative proposition that no potentially exculpatory evidence had been excluded."). As a result, "[a]lthough material omissions are not immune from inquiry under *Franks*, we have recognized that an affidavit which omits potentially exculpatory information is less likely to present a question of impermissible conduct than one which affirmatively includes false information." *United States v. Atkin*, 107 F.3d 1213, 1217 (6th Cir. 1997). "An assertion is made with reckless disregard when 'viewing all the evidence, the affiant . . . entertained serious doubts as to the truth of his statements or had obvious reasons to doubt the accuracy of the information he reported.'" *Peet v. City of Detroit*, 502 F.3d 557, 571 n. 3 (6th Cir. 2007).

A Franks hearing is not required if the allegedly false statement in the warrant affidavit is unnecessary to the finding of probable cause. *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978). In other words, if there is sufficient content to support a finding of probable cause remaining in the warrant affidavit after "material that is the subject of the alleged falsity or reckless disregard is set to one side," no *Franks* hearing is required. *Id.* at 171–72.

## DISCUSSION

Maiden moves for a *Franks* hearing, arguing that the affidavit at issue was based on information that was "known to be false to the deputy when it was presented to the Judge." [DE

2

29 at 82]. In support of his motion to suppress and motion for a *Franks* hearing Maiden alleges that, 1) the first search warrant is premised upon unreliable information which makes it unsupported by probable cause, 2) the first search warrant contains false information, and 3) neither the plain view nor good faith exceptions apply in this case. Maiden argues that the affidavit attributed key statements and information to a single informant, a state probation and parole officer ("PO"), when in reality there were two separate informants, the second being Maiden. [DE 29 at 82]. Maiden not only contends that he is not a qualified confidential informant, but that he never made the statements attributed to him. [DE 29 at 81].

According to Maiden the affidavit attributes information allegedly provided by both Mr. Maiden and the Parole officer to a single witness, and the statement is "written in a manner that is not subject to any other interpretation." *Id*. The statement at issue reads; "[a]ffiant was informed by a Confidential Informant who has provided reliable information in the past, that Kimberly White has been observed in the residence at 96 Duff Lane, Beaver Dam, Ohio County, Kentucky on multiple occasions, with the last observation being within the past 24 hours." [DE 39 at 127 According to the government, this statement is "admittedly not perfect," however they contend that not referencing Maiden by name in the affidavit is a mere omission, not a fundamental misrepresentation of fact. *Id*.

Maiden argues that the affidavit is based on unreliable information as one of the informants to the affidavit is not a previous reliable source. [DE 29 at 82]. According to Maiden the PO used to acquire the affidavit is a previous reliable source, but she only provided the location information on the warrant. *Id*. The information on frequency and recency of visits was provided by Maiden who "is not an averred reliable source as is required to establish probable cause for information from informants." *Id*. Further, "Maiden denies making this statement." [DE 29 at 81]. The United

3

States acknowledges that Maiden denies making his statement, but does not respond. [DE 39 at 121]. Maiden contends that absent this information which he contends is false and misleading, the rest of the information contained in the affidavit did not have an adequate source or was insufficient in total to support probable cause for the warrant. Maiden argues that since there was insufficient probable cause for a warrant, the plane view exception does not apply, and any information seized in the search is invalid. [DE 29 at 92].

Courts may err on the side of caution when granting *Franks* hearings to allow for additional factual development. *See United States v. Fuqua*, No. 13-20066, 2013 WL 2393122, at *3 (E.D. Mich. May 31, 2013) ("erring on the side of caution, the Court will allow [defendant] a hearing to attempt to prove that the allegations in [the] affidavit are false or were made with reckless disregard for the truth before ruling on his motion to suppress").  This Court will allow Maiden a hearing to attempt to prove that the affidavit used to acquire the first search warrant was false or made with reckless disregard for the truth before ruling on his motion to suppress.  Thus, Maiden's Motion for a *Franks* Hearing [DE 29] is **GRANTED**.  The Court will evaluate the probable cause for the affidavit and the rest of the Motion to Suppress in another memorandum opinion and order.

## CONCLUSION

For the reasons stated, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that Maidens Motion for a *Franks* Hearing [DE 29] is **GRANTED**. The Court holds the rest of the motion in abeyance. **This matter is assigned for a *Franks* hearing on November 8, 2024 at 9:30 a.m. CT** before Judge Rebecca Grady Jennings at the United States Courthouse in Owensboro, Kentucky

Rebecca Grady Jennings, District Judge
United States District Court

October 24, 2024